### RADINSKY v. REYNOLDS.

#### No. 4119.

Court of Civil Appeals of Texas. El Paso.

July 10, 1941.

·Weller & Weller, of San Antonio, for appellant.

R. R. Smith, of Jourdanton, for appellee.

WALTHALL, Justice.

Sam Radinsky, as plaintiff, brought this suit against the Service Finance Corporation and J. Manley Reynolds, defendants. The suit was brought in the District Court of Bexar County.

Plaintiff shows that defendant Service Finance Corporation is a corporation existing under the laws of the State of Delaware, with a permit to do business in Texas, and having its principal place of business in Bexar County, with W. S. Minus as president; that the defendant J. Manley Reynolds is a resident of Colorado County, Texas.

On or about July 10, 1939, Claude Glasscock was the owner of a used Ford Deluxe Tudor Sedan, motor No. 4824993, 1939 license No. A 15—745, and on said date Claude Glasscock bargained, sold and delivered for a valuable consideration the said Ford car to the plaintiff Sam Radinsky. At the time of such sale Claude Glasscock executed and delivered triplicate bills of sale covering said Ford motor car to plaintiff, and all requirements of the statutes of the State of Texas then applicable with reference to the sale and transfer of a second hand motor car were complied with, and thereby the plaintiff, Sam Radinsky, became the owner of the Ford motor car, and since said sale plaintiff at all times has been and at the time of the trial was the record owner of said Ford motor car. The record shows that on or about July 22, 1939, one Lee Mason, trading and doing business as Mason Motor Sales, attempted to sell and transfer the said Ford motor car to

defendant J. Manley Reynolds, but in doing so failed to execute and deliver triplicate bills of sale covering the Ford motor car to the purchaser, J. Manley Reynolds, in violation of Article 1434, of the Texas Penal Code, Vernon's Ann.P.C. art. 1434, and at the time of said attempted sale failed to have in his possession and deliver a license fee receipt covering said car, and said J. Manley Reynolds in attempting to purchase said car failed to demand a license fee receipt covering said car, in violation of said article of the Penal Code; by reason of which failure the plaintiff alleged the title to Reynolds did not pass and no sale was made. Defendant Reynolds, since the sale of the car to him, has been in possession thereof and claiming to own it, and has refused to give the car to plaintiff. The car is of the reasonable value of $600. The suit is for the value of the car and for the value of the use of the car, which plaintiff alleges to be $100, $2.50 per day.

Defendant Reynolds duly filed a plea of privilege to be sued in Colorado County, the county of his residence. Radinsky filed a controverting plea, and the court sustained defendant's plea and ordered a transfer of the case to that county. Plaintiff excepted.

The controverting plea denied that there was no exception to the exclusive venue statute, and made reference to and adopted his original petition as above stated.

Plaintiff further alleged that defendant Service Finance Corporation was claiming some lien on the car in controversy, which lien plaintiff denied, and alleged that Lee Mason, the seller of the car, made arrangements with the Service Finance Corporation for financing the purchase of the car by Reynolds, and stating the matters which occurred, and that Reynolds is the record owner of the car and in possession.

The trial court filed findings of fact and conclusions of law. Same are somewhat lengthy and we shall endeavor to condense same.

After stating the nature of the case and issues involved, in substance, the findings were as follows: That on or prior to July 21st plaintiff placed in the possession of Lee Mason, a used car dealer in San Antonio, the car in controversy, with the agreement that Mason sell same and pay him $615, plus one and one-half per cent of said amount; that Mason was publicly maintaining a used car sales lot in the city; defendant Reynolds went upon the used car lot of Mason and purchased the automobile in question, making a cash payment and delivering a used car as part payment and executing to Mason a chattel mortgage to secure the unpaid balance, upon which there was then due $355; this lien and chattel mortgage were contemporaneous with the sales transaction conveyed to the defendant Service Finance Corporation, and it now holds same; that Mason had apparent authority from Radinsky to sell the car and the title of plaintiff to the car vested in defendant Reynolds; that at all relevant times Reynolds was a resident of Colorado County; defendant Service Finance Corporation was a Delaware Corporation operating under a Texas permit and maintaining an office in Bexar County.

At the instance of plaintiff additional findings were made substantially as follows: That on July 22, 1939, Radinsky had the record title to the automobile; that same was a second hand automobile; that at the time of the sale Mason failed to deliver to Reynolds a license receipt issued by the Tax Collector for the current year of 1939, or a bill of sale in triplicate as required by the applicable statute, but did give Reynolds an affidavit stating that he was the true and lawful owner of the car and promised Reynolds that he would mail him the necessary papers evidencing title.

Implicit in the findings and established by the undisputed testimony was the fact that Mason delivered the possession of the car to Reynolds.

As a conclusion of law the court concluded the plea of privilege should be sustained; that a transcript of all orders in the cause be made and transmitted to the District Clerk of Colorado County, and the court so ordered.

We have before us only the plea of privilege and the controverting answer. The trial court found all the necessary facts in favor of the plea of privilege and so entered judgment.

The contention made by the controverting answer is that, not having complied with the Penal Code in the sale and purchase of the car, it being a second hand car, no sale of the car was made.

■ We do not concur in that contention. Judge Bishop, of the Commission of Appeals, in 1936, in the case of Hennessy v. Automobile Owners' Ins. Ass'n, Tex.Com. App., 282 S.W. 791, 46 A.L.R. 521, discussed and construed Article 1434 of the

Texas Penal Code, involved here, and held in effect that the Act does not provide that a failure to comply with the Act renders the sale void and that no title shall pass by reason of failure to comply with that Article of the Penal Code. The article of the Penal Code has been amended since then but the amendment was made since the trial of the case. The opinion of Judge Bishop was expressly approved by the Supreme Court and has since been followed.

In our opinion under the holding in the above cited case the plaintiff failed to make out a prima facie case against the resident defendant. Exception 4 of Article 1995 was invoked to sustain the venue in Bexar County. A showing of the cause of action against the resident defendant was essential to maintain the venue in Bexar County. The court, under the evidence introduced, found that title passed to defendant Reynolds; in such case he could give a valid lien on the car.

The judgment is affirmed.